NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DRAKE PRIMUS, | : | Civil Action No. 15-5671 (CCC) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| WILLIE BONDS, | : | |
| Respondent. | : | |

*Pro se* Petitioner Drake Primus, a prisoner confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") (*i.e.*, one that contains an affidavit of indigence with a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under Local Civil Rule 81.2(b)). Petitioner's application is not on the right form, does not include a certification by an authorized official, and contains an account statement only for the period between May 15, 2015 and June 14, 2015; to comply with court rules, Petitioner must submit an account statement for the period between January 13, 2015 and July 13, 2015.

Further, the Petition is on an outdated form, which does not contain a certification page regarding the filing of an all-inclusive petition. As such, the Court, under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), hereby gives you (1) notice ("*Mason* notice") of the following consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and (2) an opportunity to file an all-inclusive § 2254 Petition.

1

1. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a state court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the state judgment and, except in extremely limited circumstances, file an all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

2. It is not apparent to the Court whether you intend the Petition you filed to be your all-inclusive § 2254 Petition. Therefore, you may now inform the Court how you wish to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Notice and Order:

   a. Have your pending § 2254 Petition ruled upon as filed; or

   b. Withdraw your pending § 2254 Petition and file an all-inclusive § 2254 petition subject to the AEDPA one-year statute of limitations.

3. If you choose option (a) above, then you will lose your ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit.

4. The Court makes no finding as to the timeliness of the Petition as filed.

**IT IS** therefore on this ___17th___ day of ___December___, 2015,

**ORDERED** the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if the case was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner

mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 Fed. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); it is further

**ORDERED** the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; it is further

**ORDERED** if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, within thirty (30) days of the date of entry of this Memorandum Opinion and Order; Petitioner's writing shall include a written response signed by Petitioner advising the Court how he would like to proceed with regard to the *Mason* notice above, and either: (1) a complete *in forma pauperis* application, including a signed affidavit of indigence with a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b), or (2) the $5.00 filing fee; and it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

_____
**Claire C. Cecchi**
United States District Judge